983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis SMENTEK, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-2476.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 12, 1993.*
Decided Jan. 19, 1993.
Order Denying Rehearing and Amending Order Feb. 24, 1993.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dennis Smentek claims that the government withheld information and charged him improperly. The district court denied Smentek's motions pursuant to 28 U.S.C. § 2255, and we affirm.
 
 I. BACKGROUND
 
 2
 In 1981, Smentek and nine other Chicago police officers were convicted of numerous federal offenses, including aiding and abetting a continuing criminal enterprise. 18 U.S.C. § 2; 21 U.S.C. § 848. On direct appeal the officers argued, among other things, that the aiding and abetting provisions of 18 U.S.C. § 2 did not apply to the Continuing Criminal Enterprise (a.k.a. "drug kingpin") statute. We disagreed with this argument, but vacated an unrelated conviction, and remanded the case for resentencing. See United States v. Ambrose, 740 F.2d 505 (7th Cir.1984), cert. denied, 472 U.S. 1017 (1985).
 
 
 3
 After resentencing, Smentek filed two motions to vacate his sentence under 28 U.S.C. § 2255. The first, which Smentek filed in the Northern District of Illinois, raised four issues. The second, which Smentek filed in the District of Kansas, raised one issue. Because that issue was identical to an issue raised in Illinois, the District of Kansas ordered the case transferred to the Northern District of Illinois, and the Northern District consolidated the two cases. The district court then denied the two motions without a hearing, finding no constitutional violation. Smentek appeals.
 
 II. ANALYSIS
 
 4
 The district court properly dismissed Smentek's claims without a hearing because "the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.
 
 A. Unrevealed Information
 
 5
 1. Deals Between the Prosecutor and the Witnesses
 
 
 6
 Smentek alleges, but never adequately establishes, that the government made unrevealed promises to two witnesses. Instead of offering any direct evidence of these promises, Smentek asks us to draw inferences from two newspaper articles.
 
 
 7
 One of these articles claims that the government arrested witness Green Smith for four drug offenses, but never revoked his parole. Although this article certainly illustrates neglect by federal officials, it never links the government's conduct to Smentek's case. If Smentek intends to show that, in return for testimony, the government allowed Smith to sell drugs, he must provide more proof of this unlikely premise.
 
 
 8
 Another of Smentek's articles shows that the United States Attorney, Dan Webb, appeared at C.J. Wilson's resentencing hearing and informed the judge about Wilson's cooperation. This article, however, proves only that Webb fulfilled his revealed promises to Smith, not that he made secret promises to him. As Webb stated at trial:
 
 
 9
 [T]he deal, the government arrangement, whatever you want to call it, that Wilson had with the United States Government and still has, the United States Government will make known his cooperation, just like Smith's cooperation and Kelly's cooperation, to the Judge who sentenced them. That's what's going to happen, not, "The government, your Honer, wants their sentences reduced to ten years, or 15 years." No, that's not the deal.
 
 
 10
 The deal, the arrangement, "Judge, he cooperated in this case." This is what the government promised, and in fact, part of that arrangement was that the government would only relate that cooperation to the Judge as long as they told the truth.
 
 
 11
 No evidence presented in the district court or recounted here shows that the government exceeded these revealed promises.
 
 2. Financial Information
 
 12
 Smentek also argues that the government violated the principles of Brady v. Maryland, 373 U.S. 83, 87 (1963), when it concealed the fruits of a financial investigation. Brady requires prosecutors to provide information to the defense only if the information is both favorable to the accused and material to either guilt or punishment. Id. Evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 674-75, 682 (1985).
 
 
 13
 Smentek has never established that the alleged undisclosed evidence was either favorable or material. As the district court pointed out, the record does not show what information, if any, the investigation yielded. Even if the evidence was exculpatory, it would have provided little help to Smentek, because the government acknowledged at trial that it had subpoenaed bank accounts and other "miscellaneous records," and that it could not trace most of the bribe money. Given this admission and the "overwhelming" evidence against the defendants, it is implausible that additional financial information would have affected Smentek's trial.
 
 
 14
 B. Propriety of the Aiding and Abetting Conviction
 
 
 15
 Smentek argues that the "prosecutor in [his case] never knew, and never informed the defendants or the jury that the defendants were being charged as drug kingpins or as drug kingpins' police protectors." 21 U.S.C. § 848. Smentek was actually indicted and convicted of violating 18 U.S.C. § 2, which prohibits aiding, abetting, counseling, commanding, inducing, or procuring the commission of an offense against the United States, in this case a continuing criminal enterprise, 21 U.S.C. § 848. (see indictment, O.R. 1, and jury sheets, O.R. 395). Because the aiding and abetting offense involves different elements of proof than the kingpin statute itself, the prosecution properly distinguished the two offenses and appropriately referred to the aiding and abetting charge as a "section 2" offense.
 
 
 16
 Smentek also argues that, at the time of his conviction, this court had not yet decided whether a person could be convicted of aiding and abetting a drug kingpin. 18 U.S.C. § 2; 21 U.S.C. § 848. Because we had not affirmatively ruled on that issue until after Smentek's trial, Smentek claims that "neither the defendants [n]or the jury knew the essential elements or punishment of the crimes charged." See United States v. Pino-Perez, 870 F.2d 1230 (7th Cir. en banc), cert. denied, 493 U.S. 901 (1989); Ambrose, 740 F.2d 505. He argues that, by charging him with an undefined crime, the government violated the principals of Huddleston v. United States, 415 U.S. 814, 830-31 (1974).
 
 
 17
 We disagree with Smentek's characterization of his case. While we recognize that Huddleston requires fair warning about what conduct is criminal, id., we find no violations of these principles here. We did not create new law in Ambrose or in Pino-Perez, our cases discussing the interplay between the drug kingpin and the aider and abettor statutes. Pino-Perez, 870 F.2d at 1233. Instead, we pointed out that the aider and abettor statute, by its express language, applies to individuals who aid or abet the commission of any "offense against the United States." Id. at 1231; 18 U.S.C. § 2. "[E]very time Congress has passed a new criminal statute, the aider and abettor provision has automatically kicked in and made aiders and abettors of the violators of the new statute punishable as principals." Pino-Perez, 870 F.2d at 1233. Considering the wide-reaching scope of the aider and abettor statute, the defendant could have expected that he would be charged with aiding and abetting a drug kingpin.
 
 
 18
 Finding no potential claim for relief, we AFFIRM the district court.
 
 ORDER
 
 19
 Feb. 24, 1993.
 
 
 20
 On consideration of the petition for rehearing filed by petitioner-appellant on February 3, 1993, all judges on the original panel have voted to deny the petition.
 
 
 21
 Although we deny the peition, we note that our order contains a clerical error. The order states that Smentek never filed a "Statement as to Need of Oral Argument." Smentek actually filed such a statement, and his statement was distributed to this panel. After considering the statement, we concluded that oral argument would not be helpful and submitted the case on the briefs. Accordingly,
 
 
 22
 WE HEREBY DENY the petition for rehearing, but AMEND our order of January 19, 1993 to reflect our clerical mistake.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs